106 F.3d 425
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bernie B. JOHNSON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3295.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1997.
 
 Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Bernie B. Johnson petitions for review of the June 5, 1996 final decision of the Merit Systems Protection Board, Docket No. DC0752960190I-1, which dismissed his appeal in light of the fact that it had been voluntary withdrawn with prejudice. Because the board did not err in failing to reinstate Johnson's appeal, we affirm.
 
 DISCUSSION
 
 2
 Johnson was employed by the United States Postal Service (agency) as a PS-04 mail processor at the Merrifield Processing and Distribution Center in Merrifield, Virginia. On October 20, 1995, he was removed from his position based on charges of improper conduct, including failure to follow instructions, disrespect toward a supervisor, and obnoxious and offensive behavior. Johnson disputed the agency's charges and appealed his removal to the board.
 
 
 3
 During a telephone conference with Johnson and an agency representative, an Administrative Judge (AJ) informed Johnson that the board did not investigate appeals and that Johnson was responsible for submitting evidence to support his affirmative defenses. Because the time for discovery had expired, Johnson inquired as to whether he could withdraw his appeal in order to regain the opportunity for discovery. The AJ responded that he could file a motion to withdraw his appeal without prejudice, but that the desire to extend the discovery deadline would be an insufficient reason for withdrawal. Furthermore, the AJ informed Johnson that he could withdraw his appeal with prejudice at any time, but that doing so would permanently remove the appeal from the board's jurisdiction.
 
 
 4
 Two weeks after the telephone conference, Johnson voluntarily withdrew his appeal with prejudice. He stated that he had reached a confidential settlement agreement with the agency and that he no longer planned to pursue the appeal before the board. The AJ issued an initial decision dismissing the appeal in light of Johnson's withdrawal. One month later, Johnson filed another appeal with the board claiming that he recently discovered evidence to support a disability claim. He also asserted that the AJ incorrectly informed him that he "had not presented evidence to the Postal Service in regard to [his] disability." He submitted a letter dated June 2, 1992 as evidence that he had informed the agency of his disability. The board treated his second appeal as a petition for review of the initial decision and denied it for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115 (1996). The AJ's initial decision thus became the final decision of the board on June 5, 1996. 5 C.F.R. § 1201.113(b) (1996). Johnson filed a timely appeal with this court.
 
 
 5
 When reviewing a decision by the board, we may reverse only if the decision was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 6
 Johnson argues that he should be permitted to pursue his appeal because he presented new and material evidence to the board that supports his disability claim. Under 5 C.F.R. § 1201.115 (1996), the board will review an initial decision only if the petitioner can show that the AJ erroneously interpreted the law or if there is new and material evidence that was unavailable when the record closed. Johnson discovered the letter from 1992 in his files only after he had withdrawn his appeal. Because, as the board correctly notes, Johnson had possession of the letter before the record closed, it was not "new" evidence within the meaning of the regulation. Thus, the board did not err by refusing to consider it.
 
 
 7
 Johnson also argues that his appeal should be reinstated because he dismissed his appeal in reliance on misinformation from the AJ. Specifically, Johnson asserts that the AJ incorrectly told him that he "had not informed the agency" about his disability and that he "had no case against the Postal Service." He claims that in light of the AJ's "advice," he accepted the agency's settlement offer. Once an appeal is withdrawn, the board will not reinstate it absent unusual circumstances, such as misinformation provided to the petitioner or the discovery of new and material evidence. See Fox v. Department of Transp., 66 M.S.P.R. 12 (1994). The board argues that the AJ did not misinform Johnson, but appropriately gave Johnson an honest appraisal of his likelihood of success. See, e.g., Hicks v. Department of Agriculture, 65 M.S.P.R. 679, 683 (1994).
 
 
 8
 We agree with the board that the AJ did not misinform Johnson. As Johnson concedes, the AJ was not aware that he was disabled or that he possessed evidence supporting a disability claim. The AJ told Johnson during the telephone conference that he had the duty to produce evidence supporting his claim. As Johnson did not produce the letter to the AJ, the AJ's statement accurately characterized the state of the record before the board. Thus, Johnson's decision to withdraw his appeal was not based on misinformation from the AJ. Unfortunately for Johnson, he failed to produce the letter before voluntarily divesting the board of jurisdiction over his appeal. The board's decision denying Johnson's request to reinstate his appeal was not reversible error.
 
 
 9
 Accordingly, the board's decision is affirmed.